# United States Court of Appeals for the Federal Circuit

2006-3281

STEPHANIE S.K.C. TOYAMA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

William Tagupa, of Honolulu, Hawaii, argued for petitioner.

Raymond W. Angelo, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were Martha B. Schneider, General Counsel, and Rosa M. Koppel, Deputy General Counsel. Of counsel was Joyce G. Friedman. Also of counsel were David M. Cohen, Director and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3281

STEPHANIE S.K.C. TOYAMA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  March 13, 2007

_____

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

PROST, Circuit Judge.

Stephanie Toyama appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing her appeal from a final agency decision of the Department of Health & Human Services ("HHS" or "agency") as untimely.  Toyama v. Dep't of Health & Human Servs., No. SE0752030358-I-2 (M.S.P.B. May 12, 2006).  We reverse the MSPB decision and remand for proceedings on the merits.

I

The HHS removed Toyama from her position as a Public Health Advisor, GS-13, beginning December 6, 2002 for failing to accept a directed reassignment from Honolulu to Atlanta.  Toyama filed an Equal Employment Opportunity ("EEO") complaint with the

HHS, alleging that both the HHS and the Hawaii State Department of Health discriminated against her based on race, physical disability, national origin, and religion. She also asserted reprisal when allegedly chastised for using official time to search for a new home in Atlanta. The agency issued a final agency decision on May 29, 2003 finding no discrimination on the EEO complaint.

Toyama then appealed her removal by the agency to the MSPB. At Toyama's request, on August 29, 2003 the Board dismissed the appeal without prejudice to refiling so that she could pursue her discrimination claims before the agency and the Equal Employment Opportunity Commission ("EEOC"). The Board justified dismissing the case based on the limited review of discrimination claims available before the MSPB and the opportunity for further investigation of such claims by the EEOC. The dismissal advised Toyama that she could refile her appeal with the MSPB within thirty days of a final agency decision on her complaints.

Toyama then proceeded with her EEO complaints. Following the EEOC administrative judge's decision finding no discrimination, the HHS issued a final agency decision on March 15, 2004 indicating that the HHS would implement the administrative judge's decision. The final agency decision contained a notice of appeal rights indicating Toyama could appeal to the EEOC's Office of Federal Operations ("OFO") or could file a civil action in United States district court. She filed an appeal with the EEOC's OFO, which affirmed the finding of no discrimination. Toyama then filed a civil action in the United States district court on January 11, 2006.

Pursuing an appeal before the MSPB provides the only avenue through which Toyama could include a Family and Medical Leave Act ("FMLA") claim in her case.[1] Apparently realizing this fact, she refiled her appeal with the MSPB on December 24, 2005, approximately twenty months after the March 15, 2004 final agency decision on her EEO complaint. Because Toyama did not refile with the MSPB within the thirty day window required by the original August 29, 2003 dismissal and by regulations governing original filings, the MSPB dismissed her appeal as untimely. The Board also found that no good cause excused the belated filing. Toyama timely appealed to this court.

II

A

We generally have jurisdiction over appeals from the MSPB under 28 U.S.C. § 1295(a)(9), pursuant to 5 U.S.C. § 7703(b)(1). By including allegations of discrimination, Toyama presented a "mixed case complaint" under 29 C.F.R. § 1614.302(a). While without jurisdiction to review the merits of mixed cases, Williams v. Dep't of the Army, 715 F.2d 1485 (Fed. Cir. 1983) (en banc), we do have jurisdiction over appeals raising only timeliness issues of such cases, Hamilton v. Merit Sys. Prot. Bd., 75 F.3d 639, 642 (Fed. Cir. 1996). Under 5 U.S.C. § 7703(c), we must set aside agency actions we find, inter alia, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Mixed cases present claims of discrimination based on race, color, religion, sex, national origin, age, or handicap, together with issues reviewable by the MSPB.

---

[1] The regulations do not authorize the EEOC to review such claims. See 29 C.F.R. § 1614.103(a).

5 U.S.C. § 7702; 29 C.F.R. § 1614.302(a). Such cases presented under EEOC procedures become mixed case complaints, governed by EEOC regulations. 29 C.F.R. § 1614.302(a). Similarly, mixed cases filed with the MSPB, under its regulations, become mixed case appeals. Id.; see 5 C.F.R. §§ 1201.151–175.

The EEOC's regulations specify that parties with mixed cases may elect to proceed under either the MSPB's procedures or the EEOC's procedures, but not both. 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.154. Under the EEOC's regulations, separate procedures apply to a party presenting a mixed case complaint, as compared to a pure discrimination complaint. 29 C.F.R. § 1614.302(a). Specifically, the EEOC's procedures dictate that after the agency issues its final decision on a mixed case complaint, aggrieved parties may appeal to the MSPB or may file a civil action in district court. 29 C.F.R. § 1614.302(d). As the regulations for mixed case complaints clearly specify:

> (d) Procedures for agency processing of mixed case complaints. When a complainant elects to proceed initially under this part rather than with the MSPB, the procedures set forth in subpart A shall govern the processing of the mixed case complaint with the following exceptions:
> . . . .
> (3) At the time that the agency issues its final decision on a mixed case complaint, the agency shall advise the complainant of the right to appeal the matter to the MSPB (not EEOC) within 30 days of receipt and of the right to file a civil action as provided at § 1614.310(a).

29 C.F.R. § 1614.302(d) (emphasis added). By contrast, pure discrimination complaints follow the general EEOC procedures contained in subpart A. Those general procedures permit appeal of the agency's final decision only to the EEOC's OFO or filing a civil action in district court. 29 C.F.R. § 1614.110(a).

Parties proceeding with a mixed case appeal to the MSPB have thirty days from

the Board's final decision to petition the EEOC for consideration or to file a civil action in the district court. 5 C.F.R. § 1201.157. Alternately, such parties may appeal directly to this court if willing to waive discrimination issues. Id.

B

The forum chosen to pursue a case thus dictates the applicable governing procedures. In this case, by alleging discrimination based on race, physical disability, national origin, and religion, along with first filing her employment claims, the petitioner presented a mixed case. Further, the petitioner successfully had her MSPB appeal dismissed so that she could proceed with her mixed case complaint under the EEOC's regulations.

Having elected to proceed with an EEO complaint rather than an MSPB appeal, Toyama's complaint presented a mixed case, requiring special procedures under the EEOC's regulations. At the conclusion of the agency EEO complaint proceeding, however, the agency notified the petitioner of incorrect appeal rights. It stated that her option was to either appeal to the EEOC's OFO or file in a district court, rather than that her option under applicable regulations was to appeal to the MSPB or file in a district court. Toyama followed those erroneous instructions and therefore did not appeal to the MSPB until much later in time.

When she eventually filed her appeal with the MSPB, it looked to the thirty-day period specified in the original August 29, 2003 dismissal as setting the deadline for Toyama to refile her appeal. As the date she refiled fell well beyond that deadline, the Board held the refiling untimely.

C

On appeal, the petitioner argues that without notice of appeal rights as required by the EEOC regulations, she had good cause for refiling her appeal late. She contends that any notice from the MSPB administrative judge in the August 29, 2003 dismissal could not substitute for the notice required by 29 C.F.R. § 1614.302(d), applicable to mixed case EEO complaints.

The government, on the other hand, submits that by providing petitioner notice of her rights to refile her appeal, the August 29, 2003 decision by the MSPB administrative judge satisfied the regulations. The argument as we understand it takes several forms. First, the government contends that the agency provided Toyama with correct notice of appeal rights. Second, it argues that even if the notice from the agency incorrectly advised Toyama of her appeal rights, the August 29, 2003 dismissal specified the correct appeal rights and may satisfy the EEOC's regulatory requirements. Finally, the government maintains that because Toyama filed first with the MSPB, those regulations control, and therefore the notice in the August 29, 2003 dismissal provided Toyama with the only notice of appeal rights she required.

With respect to the first argument, we reject the government's position that Toyama received proper notice from the agency. As discussed, the EEOC's regulations specifying procedures for mixed case complaints require notice of rights to appeal "to the MSPB (not EEOC)" or to file an action in district court. 29 C.F.R. § 1614.302(d). Accordingly, we reject the argument that the agency met the required notice of appeal rights by providing notice of rights to appeal to the EEOC's OFO. Such a holding would

ignore the explicit exceptions to those procedures set forth in § 1614.302, above, for mixed case complaints.

With respect to the second argument, the August 29, 2003 dismissal could not supply Toyama with adequate notice of her appeal rights, because the regulations unambiguously require the agency to advise the complainant. While the administrative judge dismissing Toyama's initial MSPB appeal on August 29, 2003 did advise that she could refile within thirty days of a final agency decision, such notice does not satisfy the requirements of § 1614.302(d). As a result, we reject the government's argument that the MSPB provided adequate notice as required by the statute. Under the government's view, when Toyama received the agency's notice on March 15, 2004 that her two options were to appeal to the EEOC's OFO or to file an action in district court, she should have known enough to ignore that notice and hearken back to the MSPB administrative judge's notice two years earlier. We disagree and conclude that she acted reasonably based on the plain language of the agency's notice following the conclusion of her EEO complaint.

Finally, the government's third argument, though unclear, appears to be that because of her dismissed filing with the MSPB, the MSPB's regulations controlled the refiling of her appeal, notwithstanding any proceeding under the EEOC's regulations. We disagree. While Toyama originally filed with the MSPB, she had that case dismissed so she could proceed with her EEO discrimination claims. Because she subsequently decided to pursue her case as an EEO complaint, the EEOC's regulations necessarily governed those proceedings.

D

In this case, the agency failed to provide Toyama with the notice of appeal rights required by the regulations, advising her of the option to appeal to the MSPB or to file an action in district court. Failure to provide correct notice of appeal rights constitutes good cause for a late filing. Shiflett v. U.S. Postal Serv., 839 F.2d 669, 674 (Fed. Cir. 1988). For the Board to hold otherwise, is arbitrary, capricious, and an abuse of discretion.[2] Id.

III

Because the petitioner never received notice of her appeal rights as required by the EEOC regulations, she had good cause for filing an appeal late with the MSPB. Accordingly, the MSPB erred in dismissing her appeal as untimely, and we reverse and remand for further proceedings.

REVERSED AND REMANDED

---

[2] Although we express no opinion on the merits of such a claim, the petitioner may wish to file an application for reimbursement of attorney fees and costs under the Equal Access to Justice Act. See 28 U.S.C. § 2412(d).