NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3182

JOSE F. LADRIDO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Jose F. Ladrido, of San Diego, California, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Calvin M. Morrow, Acting Association General counsel.

Appealed from:   United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3182

JOSE F. LADRIDO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  September 11, 2007

_____

Before MICHEL, <u>Chief Judge</u>, MOORE, <u>Circuit Judge</u>, and COTE,[*] <u>District Judge</u>.

PER CURIAM.

Jose F. Ladrido petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing his appeal as untimely.  <u>Ladrido v. Dep't of the Navy</u>, SF-0752-06-0609-I-1 (M.S.P.B. Feb. 26, 2007).  Because of inadequate notice of appeal rights that failed to comply fully with the applicable regulation plus certain extenuating circumstances including pro se status, efforts to engage an attorney, and language difficulties, the Board abused its discretion by refusing to waive the filing deadline.  We therefore <u>reverse and remand</u>.

_____

[*]   Honorable Denise Cote, District Judge, United States District Court for the Southern District of New York, sitting by designation.

# I. BACKGROUND

Ladrido served in the U.S. Navy from 1960 to 1983. After his voluntary retirement from the Navy, he worked as a civilian employee with the Department of the Navy ("agency") at the Naval Medical Center in San Diego, California, where he served as a Material Handler Supervisor. On October 28, 2005, a refrigerator containing vaccines and supplies malfunctioned, resulting in a loss to the government of approximately $735,749.25. On February 2, 2006, the agency effected Ladrido's immediate removal for gross negligence resulting in great monetary loss. Letter from J.B. Poindexter, Department Head, Material Service, to Jose Ladrido (Feb. 2, 2006) ("Removal Letter").

The Removal Letter included a paragraph noting Ladrido's right to appeal the removal decision to the Board if he filed his appeal within thirty calendar days of his removal, although it omitted the consequences of late filing. Ladrido filed his appeal with the Board sixty days late. The government filed a motion to dismiss the appeal as untimely, and the Administrative Judge ("AJ") issued an order to show cause why the appeal should not be dismissed on that basis. After receiving briefs on the issue, the AJ ultimately dismissed the appeal as untimely, finding that Ladrido had not shown good cause for his delay in filing the appeal.

Ladrido contested the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b). Ladrido timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

# II. DISCUSSION

Under 5 U.S.C. § 7703(c), we must reverse the Board's decision in this case if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

<u>Toyama v. Merit Sys. Prot. Bd.</u>, 481 F.3d 1361, 1364 (Fed. Cir. 2007); 5 U.S.C. § 7703(c).  We find that, given all the facts and circumstances of this case, the Board abused its discretion by refusing to excuse Ladrido's lateness in filing his appeal.[1]

In this case, several factors contributed to Ladrido's filing his appeal late and, when viewed together, warranted discretionary waiver of the appeal deadline. Foremost among these was the agency's failure to comply with all the requirements of 5 C.F.R. § 1201.21 in providing Ladrido with notice of his appeal rights.  Although Section 1201.21(a) specifically required the agency to include "[n]otice of . . . the requirements of § 1201.22(c)" in any decision that is appealable to the Board, the Removal Letter omitted the following language from Section 1201.22(c):[2]

> If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely.

Below, Ladrido's counsel argued that this omitted information failed to apprise Ladrido of the seriousness of his missing the deadline.

An agency's failure to provide notice of appeal rights required by applicable regulations if serious enough can, by itself, constitute good cause for untimely filing of

---

[1]    As an initial matter, we note that Ladrido, proceeding pro se, appears to focus in this appeal on the merits of his underlying dismissal, which are not before us. Nevertheless, we construe pro se pleadings liberally.  <u>See</u>, <u>e.g.</u>, <u>Durr v. Nicholson</u>, 400 F.3d 1375, 1380 (Fed. Cir. 2005).  Here, Ladrido has requested a merits determination in spite of his untimeliness below; we read this as a request for review that, if successful, would allow his case to proceed on the merits, that is, a review of the arguments made by his counsel below that his untimeliness be excused.  In its informal brief, the Board addressed these arguments and will not be prejudiced by their consideration here.

[2]    The agency did not provide notice of "any right the employee has to file a grievance" as required by 5 C.F.R. § 1201.21(d).  Ladrido, however, has never contended that he had any such rights.  Thus, to the extent the agency should have provided any notice under this provision, we find such omission to be harmless error.

an appeal. Toyama, 481 F.3d at 1366-67 (notice provided incorrect forum for appeal); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1583 (Fed. Cir. 1994) (notice did not specify whether the time limit was calendar or working days); Shiflett v. U.S. Postal Serv., 839 F.2d 669, 674 (Fed. Cir. 1988) (no notice of appeal rights). In this case, the AJ rejected Ladrido's assertion that the agency's omission was "material" because Ladrido's declaration did not state that he would have filed a timely appeal had he received proper notice and because neither Ladrido nor his son, whose help Ladrido had enlisted, had carefully read the notice — his son told Ladrido the appeal deadline was one year instead of thirty days.

The AJ, however, failed to assess the agency's omission in light of all of the other particular circumstances of Ladrido's case. As the AJ noted, Ladrido promptly sought the help of family members and attempted to obtain counsel. While standing alone his actions were insufficient to show good cause for the late filing, they suggest that complete notice may have encouraged him to file a timely appeal or seek an extension. True, Ladrido's son misapprehended the appeal deadline, but had the document contained the omitted language, Ladrido, his son, or others who reviewed the Removal Letter might have appreciated the potentially fatal consequence of late filing and taken action to avoid it. Aware of the consequence, Ladrido may well have timely filed an appeal, even before obtaining counsel, or at least requested an extension while he continued to seek counsel.

Other factors in this case also counsel in favor of waiving the appeal deadline when combined with the incomplete notice and Ladrido's actions following removal, namely, Ladrido's age, his declaration of emotional strain, his pro se status at the time

2007-3182                                    4

he received the Removal Letter, and his first language being other than English. <u>Sadian v. Office of Pers. Mgmt.</u>, 45 M.S.P.R. 100, 103 (M.S.P.B. 1990) (taking age and English language capability into account in waiving appeal deadline). The AJ correctly found that none of these circumstances alone was sufficient to justify waiving the appeal deadline. Similarly, the AJ held that the deficiency in the notice was not material enough, by itself, to warrant waiver of the filing deadline. Given all these circumstances in toto plus the incomplete notice, plus Ladrido's relative diligence, however, the AJ abused his discretion by failing to waive the appeal deadline, particularly where no prejudice to the government from the delay was shown or even alleged.

### III. CONCLUSION

For the aforementioned reasons, we reverse the Board's dismissal of petitioner's appeal and remand for a proceeding on the merits.