NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3167

HOMI N. AMIRMOKRI,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Morris E. Fischer, Law Office of Morris E. Fischer, of Bethesda, Maryland, argued for petitioner.

Christopher A. Bowen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Jeanne E. Davidson, Director, Todd M. Hughes, Assistant Director. Of counsel was Claudia Burke, Trial Attorney.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3167

HOMI N. AMIRMOKRI,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Petition for review of the Merit Systems Protection Board
in DC1221070864-W-1.

_____

DECIDED: February 17, 2009

_____

Before RADER, BRYSON, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Homi N. Amirmokri petitions for review of a final decision of the Merit Systems Protection Board denying his request for corrective action following an agency reprimand. We <u>affirm</u> the decision of the Board.

## BACKGROUND

Mr. Amirmokri is a nuclear engineer who works at the Department of Energy's Office of Nuclear Energy in Germantown, Maryland. On the morning of October 27,

2006, he was involved in an altercation in that office's cafeteria. After the altercation, the Deputy Director of Nuclear Operations removed Mr. Amirmokri from the premises and issued him a letter of reprimand for inappropriate behavior. The letter stated that Mr. Amirmokri was being reprimanded for approaching another individual in a manner that caused the individual to perceive a physical threat.

On March 20, 2007, Mr. Amirmokri filed a complaint with the Department of Energy's Equal Employment Opportunity Office ("EEO") alleging that his removal from the office and his reprimand were the result of discrimination on the basis of national origin as well as retaliation for whistleblowing activities. Then, on August 15, 2007, Mr. Amirmokri filed an Individual Right of Action complaint with the Merit Systems Protection Board. That complaint alleged that his removal from the office and the issuance of a letter of reprimand were in retaliation for his prior whistleblowing activities. An administrative judge of the Merit Systems Protection Board held a hearing to evaluate that claim.

On November 15, 2007, the administrative judge issued an initial decision denying Mr. Amirmokri's claim that he had been retaliated against for whistleblowing. The administrative judge first determined that Mr. Amirmokri had made nonfrivolous allegations that he had engaged in protected whistleblowing activity in 2003 and 2004 and that his protected disclosures were a contributing factor in the agency's disciplinary action. The administrative judge then determined that despite Mr. Amirmokri's reasonable belief that his whistleblowing activity had been a contributing factor in his having been disciplined, the agency had demonstrated, by clear and convincing evidence, that it would have taken the same disciplinary actions in the absence of Mr.

Amirmokri's protected activities. The administrative judge reached that conclusion because the agency's actions were supported by "five written statements by agency employees and contractors who observed the October 27, 2006, incident in the cafeteria." The administrative judge explained that the witness statements were "strong evidence of the appellant's misconduct." The judge also found that Mr. Amirmokri's supervisor had "little or no motive to retaliate" for Mr. Amirmokri's whistleblowing activity, as the supervisor "was not shown to have suffered any adverse consequences because of the activity when it occurred or at any time since then." The administrative judge's decision became the Board's final decision on December 20, 2007. On February 20, 2008, Mr. Amirmokri filed the instant petition for review of that final decision.

On April 8, 2008, the EEO issued its Final Agency Decision, finding that Mr. Amirmokri had failed to establish by a preponderance of evidence that he had been subject to either discrimination based on national origin. With respect to the allegation that he was subject to retaliation due to his whistleblowing activity, the agency noted that "whistle-blowing activity is not protected under Title VII."

On April 21, 2008, Mr. Amirmokri filed suit against the Department of Energy in the United States District Court for the District of Maryland. Amirmokri v. Department of Energy, No. 09-cv-00994. In his complaint, Mr. Amirmokri alleged the same two claims that he had brought before the EEO. In the first count, Mr. Amirmokri alleged that his removal from the building and his letter of reprimand were the result of national origin discrimination. The second count alleged that the agency removed him from the building and reprimanded him in retaliation for prior whistleblowing activities.

DISCUSSION

The government contends that the Merit Systems Protection Board lacked subject matter jurisdiction over this appeal and that we should therefore dismiss the petition. The government's argument is that when Mr. Amirmokri began the EEO process with the agency, he immediately became barred from filing an appeal to the Board by 29 C.F.R. § 1614.302. That regulation provides, in pertinent part, as follows:

(a) Definitions –

(1) Mixed case complaint. A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB). The complaint may contain only an allegation of employment discrimination or it may contain additional allegations that the MSPB has jurisdiction to address.

(2) Mixed case appeals. A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the bases of race, color, religion, sex, national origin, handicap or age.

In his original complaint to the EEO, Mr. Amirmokri alleged discrimination on the basis of national origin and a violation of the Whistleblower Protection Act. The alleged act of discrimination was related to an action that could be appealed to the Merit Systems Protection Board, which has jurisdiction over whistleblowing claims under 5 U.S.C. § 1214(a)(3), 5 U.S.C. § 1221, and 5 C.F.R. § 1209.2. Mr. Amirmokri's complaint to the EEO was thus a "mixed case complaint." Mr. Amirmokri's appeal to the Board, by contrast, alleged solely a retaliation claim for whistleblowing activities and made no mention of discrimination. As such, his appeal to the Board was not a "mixed case appeal" under 29 C.F.R. § 1614.302(a).

The effect of filing mixed actions is discussed in 29 C.F.R. § 1614.302(b).  That section provides as follows, in pertinent part:

> (b) Election.  An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, but not both.  An agency shall inform every employee who is the subject of an action that is appealable to the MSPB and who has either orally or in writing raised the issue of discrimination during the processing of the action of the right to file either a mixed case complaint with the agency or to file a mixed case appeal with the MSPB.  The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.

The first sentence of section 1614.302(b) makes clear that a claimant may not file both a mixed case complaint and an appeal pursuant to 5 C.F.R. § 1201.151, which applies to allegations that a personnel action was "based, in whole or in part, on prohibited discrimination."  5 C.F.R. § 1201.151.  As Mr. Amirmokri's claim to the Board did not allege discrimination, the first sentence of section 1614.302(b) does not prohibit his simultaneous pursuit of those two claims.  While the second sentence of section 1614.302(b) explicitly prohibits the filing of both a mixed case complaint and a mixed case appeal, Mr. Amirmokri did not file a mixed case appeal and is thus not barred by that prohibition.  Finally, the third sentence of section 1614.302(b) simply reiterates the rule from the opening sentence that a claimant may not initially file both a mixed case complaint and an appeal "on the same matter."  Therefore, nothing in section 1614.302(b) barred Mr. Amirmokri from filing an appeal with the Board, even though he had previously filed a claim with the EEO.

Another subsection of section 1614.302, 29 C.F.R. § 1614.302(d), establishes the procedures applicable when a claimant initially files a mixed case complaint with the

EEO, as Mr. Amirmokri has done in this case. We recently outlined the operation of that provision within the regulatory framework. See Toyama v. Merit Sys. Prot. Bd., 481 F.3d 1361 (Fed. Cir. 2007). As we explained in Toyama:

> The EEOC's regulations specify that parties with mixed cases may elect to proceed under either the MSPB's procedures or the EEOC's procedures, but not both. 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.154. Under the EEOC's regulations, separate procedures apply to a party presenting a mixed case complaint, as compared to a pure discrimination complaint. 29 C.F.R. § 1614.302(a). Specifically, the EEOC's procedures dictate that after the agency issues its final decision on a mixed case complaint, aggrieved parties may appeal to the MSPB or may file a civil action in district court. 29 C.F.R. § 1614.302(d). . . .
>    By contrast, pure discrimination complaints follow the general EEOC procedures contained in subpart A. Those general procedures permit appeal of the agency's final decision only to the EEOC's OFO or filing a civil action in district court. 29 C.F.R. § 1614.110(a).
>    Parties proceeding with a mixed case appeal to the MSPB have thirty days from the Board's final decision to petition the EEOC for consideration or to file a civil action in the district court. 5 C.F.R. § 1201.157. Alternately, such parties may appeal directly to this court if willing to waive discrimination issues. Id.

Toyama, 481 F.3d at 1365. These separate procedures apply to the mixed case complaint that Mr. Amirmokri filed with the EEO. After the agency issues its decision on a mixed case complaint, or 120 days after the date of the EEO filing if a final decision is not issued within that time, the complainant may appeal to the Merit Systems Protection Board or file a civil action in district court. 29 C.F.R. § 1614.302(d). The complainant may not both appeal to the Board and file a civil action. Id.

Mr. Amirmokri did not wait until either the EEO had issued a final decision or 120 days had elapsed. Instead, while the EEO proceeding was still pending, he filed an appeal with the Board that did not include his discrimination claims. If that filing had raised issues of prohibited discrimination, it would have been a mixed case appeal, and the Board would have dismissed the appeal without prejudice under 5 C.F.R.

§ 1201.154(c). However, because Mr. Amirmokri did not allege discrimination in his complaint before the Board, that section was inapplicable. Accordingly, there is nothing in the regulations to which we have been directed that limits the Board's jurisdiction over Mr. Amirmokri's action or our jurisdiction over his petition for review. We therefore turn to the merits of Mr. Amirmokri's claim.[1]

Substantial evidence supports the Board's conclusion that the agency would have taken disciplinary action against Mr. Amirmokri even if he had never engaged in any whistleblowing activity. The Board rested its conclusion that Mr. Amirmokri had acted in an inappropriately threatening manner on the oral testimony of two witnesses to the incident in the cafeteria, the written testimony of two additional witnesses to the incident, and the oral testimony of Mr. Amirmokri's supervisor, all of which supported that conclusion. To the degree that the Board's conclusions were based on credibility determinations, they are "virtually unreviewable" by this court. Gibson v. Dep't of the Army, 160 F.3d 722, 725 (Fed. Cir. 1998). In addition, the Board's determination that the Deputy Director of Nuclear Operations had little or no motive to retaliate was amply supported by evidence that the supervisor had suffered no adverse consequences from Mr. Amirmokri's protected disclosures. We therefore uphold the Board's decision denying Mr. Amirmokri's request for corrective action in this case.

---

[1] Mr. Amirmokri's pending action in the district court, which he filed after he filed his petition in this court, is not pertinent to our conclusion that we have jurisdiction to consider his whistleblowing retaliation claim.