# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GERAD B. CHANDLER,<br>　　　　Appellant, | DOCKET NUMBER<br>SF-0752-13-0344-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: January 9, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Gerad B. Chandler, Long Beach, California, pro se.

Cheri Hornberger, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Vice Chairman Wagner issues separate dissenting opinion.

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the February 11, 2014 initial decision that dismissed his appeal for lack of jurisdiction. For the reasons

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2	The appellant filed his petition for review electronically on April 23, 2014, 6 days after the deadline of April 17, 2014.  *See* Petition for Review (PFR) File, Tabs 3, 6.  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶3	In response to question #2 of the online interview, which directed the appellant to show good cause for his untimely filing, the appellant explained that, on April 15, 2014, a plumbing malfunction caused his apartment to be flooded with raw sewage.  PFR File, Tab 6 at 3-4; *see* PFR File, Tab 4 at 8-9.  He stated that he stayed in his car on the night of the incident and that he has since been staying at hotels.  PFR File, Tab 6 at 4.  He indicated that he did not know when he would be able to return to his home, and that he was "understandably distressed in the interim."  *Id*.

¶4	We do not find this explanation sufficient to establish good cause for the filing delay.  We note that, in *Del Marcelle v. Department of the Treasury*, 59 M.S.P.R. 251 (1993), the Board excused a 1-day delay where, on the day of the filing deadline for the agency's response to a petition for review, the agency

was forced to evacuate its office in Chicago because a tunnel beneath the city gave way and flooded the city with water from the Chicago River, resulting in a loss of electrical power to the agency's office. *Id.* at 253 n.1. In this case, however, the flooding incident took place 2 days prior to the filing deadline, and the appellant has not explained why he was unable to file his petition or an extension request from another location during the remaining time. *Cf. Cox v. U.S. Postal Service*, 53 M.S.P.R. 217, 219 (1992) (the appellant's incarceration was not sufficient to excuse an untimely petition for review when the appellant had notice of the initial decision and could have filed the petition for review himself from jail). Furthermore, the appellant's distress over the damage to his home, while understandable, does not itself establish good cause for the filing delay. *Cunningham v. Department of Transportation*, 35 M.S.P.R. 674, 677-78 (1987) (in the absence of corroborating evidence, an appellant's allegation that he was emotionally upset is insufficient to establish good cause for an untimely filing).

¶5      We have also considered whether the arguments offered in support of the appellant's earlier requests for extensions of the filing deadline are sufficient to establish good cause for the untimely filing of his petition. We that find they are not.

¶6      First, the appellant asserts that his petition for review would likely be granted on the merits. PFR File, Tab 1 at 4. In particular, he contends that the initial decision was based on flawed information and that the administrative judge improperly excluded evidence and denied his requests for reasonable accommodation. PFR File, Tab 4 at 4-8. However, an appellant's arguments on the merits of an appeal do not establish good cause for the untimely filing of a petition for review. *Brame v. Department of Veterans Affairs*, 98 M.S.P.R. 224, ¶ 5 (2005).

¶7      The appellant also has asserted that his ability to communicate with the Board is impaired by his mental and physical disabilities, specifically,

posttraumatic stress disorder (PTSD), traumatic brain injury, and attention deficit disorder.  PFR File, Tabs 1, 4.  He explains:

> [I]t historically takes me longer to do things, than it might take others.  I'm s l o w, but not stupid/unintelligent.  One of the main problems my being slow has caused, is my inability to focus/concentrate in general—but especially when my ability to concentrate is compromised, during periods of panic/anxiety attacks, flashbacks, emotional paralysis, etc. I call these periods 'episodes' and/or my being 'symptomatic.'  The episodes can range in length from a few seconds to 90+ days, during which time, their scope can range from a mild angst and/or flash of hyper vigilance—to full-out withdrawal from most everything but the minimal activities of daily living (ADL's).  There are things I can do to lessen the chances I'll become symptomatic, but the very nature of my disabilities, is their unpredictability and how they exacerbate each other; and the very nature of matters comprising this appeal and those like/related, for consolidation—is their acting as triggers, particularly for PTSD, which can be debilitating.

PFR File, Tab 4 at 9-10.

¶8        To establish that an untimely filing was the result of an illness, the party must:  (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time.  *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  The record below includes a December 16, 2010 certification from the appellant's treating physician, Priti Saghal, M.D., who indicated that the appellant had been diagnosed with PTSD, major depressive disorder, and attention deficit hyperactivity disorder.  Initial Appeal File (IAF), Tab 10, Subtab 4r.  However, the appellant has not submitted any medical evidence describing his condition during the filing period or explained why such evidence was unavailable.  Nor has he alleged that he actually suffered an "episode" during the filing period that rendered him unable to timely file a petition for review or request for an extension.  We further note that the appellant has succeeded in filing numerous pleadings with the Board, the

Equal Employment Opportunity Commission, and U.S. District Court, notwithstanding his medical impairments and pro se status. *See* IAF, Tab 10, Subtab 4a.

¶9      The appellant has also asserted in vague terms that his resources have been focused on pursuing his claims in U.S. District Court. PFR File, Tabs 1, 4. However, an appellant's preoccupation with other legal matters does not constitute good cause for the untimely filing of a petition for review, absent a showing of how his handling of those matters rendered him unable to make a timely filing with the Board. *Leeman v. U.S. Postal Service*, 54 M.S.P.R. 476, 479 (1992).

¶10     In sum, we find that the appellant has not shown good cause for the untimely filing of his petition for review. *See Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006) (the appellant failed to show due diligence, even though he was proceeding pro se and the filing delay of 6 days was not particularly lengthy). Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding our lack of jurisdiction over the appellant's alleged involuntary retirement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

¶1        The appellant retired on disability effective December 22, 2011, and thereafter filed a Board appeal in which he alleged that he was constructively discharged.   Initial Appeal File (IAF), Tab 1; IAF, Tab 10, Subtab 4b; *see Chandler v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-12-0392-I-1, Initial Decision (Apr. 20, 2012).   The administrative judge concluded that the appellant had failed to make a nonfrivolous allegation that his disability retirement was involuntary and dismissed the appeal without a hearing.   IAF, Tab 29, Initial Decision (ID).   He advised the appellant that the initial decision would become final on March 18, 2014, unless a petition for review was filed by that date.   ID at 15.

¶2        The appellant timely requested a 30-day extension of the deadline for filing a petition for review and explained, inter alia, that he was a pro se litigant and suffered from traumatic brain injury (TBI), post traumatic stress disorder (PTSD), and attention deficit disorder (ADD), which "impair my ability to communicate with the MSPB/Board, and other tribunals."   Petition for Review (PFR) File, Tab 1 at 4.   The Clerk's Office granted the appellant's request and extended the filing deadline to April 17, 2014.   PFR File, Tab 3.

¶3        On April 18, 2014, the day after the filing deadline, the appellant filed a request for a 45-day extension.   PFR File, Tab 4.   In addition to the reasons set forth in his original extension request, the appellant explained that, on April 15, 2014, there was a plumbing malfunction that resulted in his apartment being flooded with raw sewage and that, since then, "most of my time has been devoted to trying to keep a roof over my head."   *Id*. at 9.   The appellant also provided the

following explanation of how his PTSD, TBI, and ADD impaired his ability to communicate with the Board:

> [I]t historically takes me longer to do things, than it might take others. I'm s l o w, but not stupid/unintelligent. One of the main problems my being slow has caused, is my inability to focus/concentrate in general--but especially when my ability to concentrate is compromised, during periods of panic/anxiety attacks, flashbacks, emotional paralysis, etc. I call these periods 'episodes' and/or my being 'symptomatic.' The episodes can range in length from a few seconds to 90+ days, during which time, their scope can range from a mild angst and/or flash of hyper vigilance—to full-out withdrawal from most everything but the minimal activities of daily living (ADL's). There are things I can do to lessen the chances I'll become symptomatic, but the very nature of my disabilities, is their unpredictability and how they exacerbate each other; and the very nature of matters comprising this appeal and those like/related, for consolidation—is their acting as triggers, particularly for PTSD, which can be debilitating.

*Id*. at 9-10. The Clerk's Office issued an April 21, 2014 order denying the appellant's second extension request and explaining that, under 5 C.F.R. § 1201.114(f), a request for an extension must be filed prior to the due date for the filing of a petition for review. PFR File, Tab 5.

¶4 The appellant filed his petition for review electronically on April 23, 2014, 6 days after the April 17, 2014 filing deadline. PFR File, Tab 6. The Clerk's Office issued a standard acknowledgment order, and the agency filed a response. PFR File, Tabs 7-8. On September 23, 2014, the appellant filed an additional pleading, which the Clerk's Office rejected. PFR File, Tab 9.

¶5 The majority finds the appellant has not shown good cause for the untimely filing of his petition for review. Majority Opinion, ¶ 10. I disagree. I believe that the appellant has demonstrated good cause for the delay and that the Board should therefore consider the petition for review on the merits.

¶6 As the majority recognizes, to establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. Majority Opinion, ¶ 2; *see Alonzo v.*

*Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        Here, the 6-day delay, while not insignificant, is also not excessive. *See Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006) (filing delay of 6 days was not particularly lengthy). Further, it is worth noting that the appellant filed a request for an extension only 1 day after the filing deadline had passed and that he filed his substantive petition for review only 2 days after the Clerk's office denied that request. PFR File, Tabs 4, 6. Thus, the appellant demonstrated a level of diligence during this period.

¶8        The appellant's pro se status also counsels in favor of waiving the petition for review deadline. Further, I believe that the appellant's statements concerning the sewage backup that rendered his apartment uninhabitable constitute evidence of circumstances beyond his control or unavoidable casualty or misfortune which bear a causal relationship to his inability to timely file his petition. *See Moorman*, 68 M.S.P.R. at 62-63.

¶9        As the majority notes, the record below includes a December 16, 2010 certification from the appellant's treating physician which corroborates his claims that he had been diagnosed with PTSD, major depressive disorder, and attention deficit hyperactivity disorder. Majority Opinion, ¶ 8; IAF, Tab 10, Subtab 4r. It is true, as the majority also notes, that the appellant has not submitted any medical evidence describing his condition during the filing period. Majority Opinion, ¶ 8. I believe, however, that it would be unrealistic, considering the

circumstances at the appellant's apartment, to require him to obtain additional medical documentation describing his condition during the filing period.

¶10      As our reviewing court has recognized, even where no single circumstance, standing alone, is sufficient to justify waiving the appeal deadline, such circumstances considered in toto may justify doing so. *Ladrido v. Merit Systems Protection Board*, 248 F. App'x 184, 187 (Fed. Cir. 2007). This is true particularly where, as here, no prejudice to the agency from the delay was shown or even alleged. *Id*. Accordingly, I respectfully dissent from the majority's decision to dismiss the petition for review as untimely filed without good cause shown.

_____
Anne M. Wagner
Vice Chairman