NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE E. TATUM, JR.,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3233

---

Petition for review of the Merit Systems Protection Board in case no. DA0752100569-I-1.

---

Decided: May 10, 2012

---

WILLIE E. TATUM, JR. of Fort Worth, Texas, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before DYK, SCHALL, and REYNA, *Circuit Judges*.

PER CURIAM.

Willie E. Tatum, Jr. ("Tatum") petitions for review of a decision of the Merit Systems Protection Board ("Board"). The Board dismissed his appeal as untimely. *Tatum v. U.S. Postal Serv.*, No. DA-0752-10-0569-I-1 (M.S.P.B. July 27, 2011) ("*Board Decision*"). We *vacate and remand*.

### BACKGROUND

Tatum is a veteran with a service-connected disability, which makes him a "preference eligible" veteran under 5 U.S.C. § 2108(3)(C). Tatum began work with the U.S. Postal Service ("the agency") in April 2006, where he was employed as a mail processing clerk. In January 2008, Tatum began mental health treatment for post-traumatic stress disorder ("PTSD"). On December 4, 2009, the agency mailed a notice of removal for "Unsatisfactory Attendance" to Tatum's address of record from his most recent PS 50, on Brady Court in Arlington, Texas. Resp't's App. 39. The removal notice stated that "[a]s a preference eligible, [Tatum] ha[d] the right to appeal this decision in writing to the [Board] within 30 calendar days from the effective date of this decision," which was December 18, 2009. *Id.* at 40-41. As described below, this advice was inaccurate. Under the regulation, Tatum had until 30 days after the effective date *or* 30 days after *receipt* of the removal notice, whichever was later. *See* 5 C.F.R. § 1201.22(b)(1).

Tatum did not file a grievance challenging his removal until April 9, 2010. On July 7, 2010, he filed an appeal with the Board. The administrative judge instructed Tatum to file evidence that his appeal was timely filed or that good cause existed for the delay. Tatum

claimed that he first became aware of his December 2009 separation in March 2010, that he was hospitalized for PTSD treatment from April 2010 until June 18, 2010, and that he filed his Board appeal immediately after his union president told him that he should. In response, the agency submitted an affidavit from Natalie Stevenson, who declared that on December 4, 2009, the agency sent Tatum's removal notice to his address of record on Brady Court via first-class mail with delivery confirmation and certified mail. The notice sent via certified mail, which requires a signature upon delivery, was returned unclaimed after multiple delivery attempts and notices, but the notice sent via first-class mail, which does not require a signature, was not returned to the agency and was thus deemed delivered.

After consideration of this evidence, the administrative judge concluded that good cause existed for the delay. *Tatum v. U.S. Postal Serv.*, No. DA-0752-10-0569-I-1, slip op. at 4 (M.S.B.P. Nov. 5, 2010) ("*Initial Decision*"). She found that the agency failed to prove the date it provided Tatum with a copy of the removal notice and notice of his right to file an appeal with the Board. *Id.* After a hearing on the merits, the administrative judge reversed the agency's removal action and ordered that Tatum be restored to duty. *Id.* at 17.

The Board granted the agency's petition for review, vacated the administrative judge's initial decision, and dismissed Tatum's appeal as untimely filed without a showing of good cause. *Board Decision*, slip op. at 2. The Board stated that the Stevenson affidavit raised a presumption of delivery and receipt in December 2009, and that Tatum failed to rebut this presumption because his response was unsworn and because he "failed to sufficiently explain the timeline or circumstances surrounding his alleged nonreceipt." *Id.*, slip op. at 6-8. Additionally,

the Board found that even if Tatum could rebut the presumption of receipt, he did not demonstrate diligence after he learned of his right to appeal. Tatum had asserted that he appealed "immediately" after learning of his right to do so from his union representative, but the Board concluded that "if the appellant spoke to his union representative any time before June 7, 2010, his appeal remains untimely." *Id.*, slip op. at 9. The Board concluded that Tatum had not established good cause for his delay, noting that Tatum's assertions were "vague" and "unsworn." *Id.*, slip op. at 10.

Tatum timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of final Board decisions is limited. Under 5 U.S.C. § 7703(c), we may only set aside agency actions, findings, or conclusions of law found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

The Board has jurisdiction to hear removal claims by only some Postal Service employees, but its jurisdiction includes claims by preference eligible veterans such as Tatum. 5 U.S.C. § 7511(a)(1)(B)(ii), (b)(8); 39 U.S.C. § 1005(a)(4)(A). An appeal of an agency action to the MSPB "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). The Board may waive this deadline if "a good reason for the delay is shown." *Id.* § 1201.22(c).

The filing deadline for Tatum's Board appeal was thirty days after the December 18, 2009, effective date, or thirty days after Tatum's receipt of the agency's removal decision, whichever was later. *See* 5 C.F.R. § 1201.22(b)(1). As the Board stated, the declaration from Natalie Stevenson that the agency sent Tatum's removal decision to his address of record via first-class mail in December 2009, and that it was not returned to the agency as undelivered, raises a presumption that the notice was delivered. Under the common law mailbox rule, if a properly directed letter is proved to have been delivered to the post office, this creates an "inference of fact" that the letter was received by the addressee. *Rios v. Nicholson*, 490 F.3d 928, 930-31 (Fed. Cir. 2007) (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). If there is opposing evidence that the letter was not received, the trier of fact must weigh the evidence "with all the other circumstances of the case" to determine whether the letter was actually received. *Id.* at 931 (quoting *Rosenthal*, 111 U.S. at 194). In this case, the Board concluded that Tatum failed to rebut the presumption because he did not explicitly claim that he did not receive the letter or that the address was incorrect, and we cannot conclude that this factual finding is unsupported by substantial evidence.

We note, however, that the Board erred in its alternative holding that even if Tatum could rebut the presumption of receipt, his appeal was untimely because he did not "demonstrate that he acted diligently after he learned of his [appeal] right" from his union representative. *Board Decision*, slip op. at 8. If Tatum did not actually receive a copy of his removal decision and the notice of his appeal rights, then his appeal was not untimely, even if he learned of his appeal right from a third party. *See* 5 C.F.R. § 1201.22(b)(1). As we held in *Saddler v. Depart-*

*ment of the Army*, 68 F.3d 1357, 1359 (Fed. Cir. 1995), an appellant who does not receive an agency's decision because of his own negligence in failing to update his address with the agency cannot be considered to have constructively received the decision for purposes of section 1201.22—the appellant has thirty days from actual receipt of the decision to file a timely Board appeal.

While the Board's finding that Tatum's appeal was untimely was not erroneous, we must remand for the Board to analyze whether good cause existed for Tatum's delay in filing his appeal. The burden is on the appellant to establish good cause by showing that the delay was excusable and that he exercised due diligence. *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003). "[P]olicy considerations counsel against dismissals for untimely filing and militate for providing employees with a hearing on the merits of their appeals, . . . and that broad equitable principles of justice and good conscience should be applied in good cause determinations." *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (citations omitted) (internal quotation marks omitted).

We have found good cause for untimely filing where the agency has failed to provide proper notice of appeal rights. *See, e.g.*, *Toyama v. Merit Sys. Prot. Bd.*, 481 F.3d 1361, 1366-67 (Fed. Cir. 2007) (notice failed to inform petitioner that she could appeal either to the MSPB or file an action in district court); *Walls*, 29 F.3d at 1583 (notice failed to specify whether the time limit was in calendar or working days); *Shiflett v. U.S. Postal Serv.*, 839 F.2d 669, 674 (Fed. Cir. 1988) (no notice of appeal rights). It appears that the December 2009 notice of decision fails to adequately inform Tatum of his appeal rights as required by 5 C.F.R. § 1201.21. The letter states that Tatum may file an appeal "within 30 calendar days from the effective date of this decision." Resp't's App. 41. As discussed

previously, this is incorrect: Tatum could also timely file within 30 days of the receipt of his removal decision and appeal rights, even if this was more than 30 days from the decision's effective date. *See* 5 C.F.R. § 1201.22(b)(1). Furthermore, section 1201.21(a) requires notice of "the requirements of § 1201.22(c)." That latter section states:

> If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely.

*Id.* § 1201.22(c). The December 2009 notice does not contain this language, and we have held that good cause for delay existed where, among other things, this language was omitted. *See Ladrido v. Merit Sys. Prot. Bd.*, 248 F. App'x 184, 186-87 (Fed. Cir. 2007) (nonprecedential).

In finding that Tatum had not established good cause, the Board did not address the defective notice. A remand is therefore required. On remand, additional factors the Board should consider include, but are not limited to, Tatum's PTSD treatment, his pro se status, the possibility that Tatum never actually read his removal notice, and whether the agency was prejudiced by the delay. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks omitted)).

This case is remanded for further proceedings consistent with this opinion.

COSTS

No costs.