# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIE E. TATUM, JR.,

          Appellant,

        v.

UNITED STATES POSTAL SERVICE,

          Agency.

DOCKET NUMBER
DA-0752-10-0569-B-1

DATE: September 15, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Willie E. Tatum, Jr., Dallas, Texas, pro se.

Nadalynn F. Hamilton, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the remand initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The agency removed the appellant on the basis of unsatisfactory attendance—absence without leave (AWOL). MSPB Docket No. DA-0752-10-0569-B-1 (B-1), Remand Appeal File, Tab 11, Remand Initial Decision (RID). The administrative judge reversed the action. She found that the appellant admitted that he was absent on the dates specified in the notice of proposed removal but that the agency failed to show that the appellant was AWOL on those dates and failed to establish that the appellant could be removed for excessive use of approved leave without pay (LWOP) for his absences. RID at 3-12.[2] The

---

[2] The appellant's initial appeal was untimely filed. MSPB Docket No. DA-0752-10-0569-I-1 (I-1), Initial Appeal File (IAF), Tab 1. The administrative judge found good cause to waive the time limit and reversed the agency's action. IAF, Tab 20. The agency petitioned for review of the initial decision. I-1, Petition for Review (PFR) File, Tab 1. The Board granted the petition, found that the appeal was untimely filed, vacated the initial decision, and dismissed the appeal. PFR File, Tabs 4-5. The appellant appealed the Board's decision to the U.S. Court of Appeals for the Federal Circuit and the court remanded the appeal. MSPB Docket No. DA-0752-10-0569-M-1, Court Remand File, Tab 1; *Tatum v. Merit Systems Protection Board*, 482 F. App'x 554 (2012). On remand from the court, the Board issued a decision, finding good cause to waive the filing deadline in the appeal. Court Remand File, Tab 2, Remand Order. The Board also remanded the appeal to the administrative judge to reconvene the hearing to take the testimony of a witness that the Board found had been improperly denied to the

administrative judge also found that the appellant failed to show that the agency violated Executive Order (EO) 5396. That EO provides that a disabled veteran must be granted leave for medical treatment contingent upon his providing prior notice of definite days and hours of absence required for medical treatment. RID at 12. She found that the appellant failed to meet the notice requirement of EO 5396. RID at 13-14. She also found that the appellant failed to show that his removal was the result of disability discrimination or retaliation for protected equal employment opportunity activity. RID at 14-17.

¶3        In his petition for review of the remand initial decision, the appellant alleges that, during the period that he was improperly off the agency's rolls, he incurred medical expenses that would have been covered by his health insurance, and these expenses should have been "covered" in the remand initial decision. B-1, Remand Petition for Review (RPFR) File, Tab 1 at 5.

¶4        Under the Civil Rights Act of 1991, an employee may recover compensatory damages from a federal agency that engaged in unlawful and intentional discrimination against him on the basis of his disability. 42 U.S.C. § 1981a(a)(2)–(3); *e.g.*, *Hollingsworth v. Department of Commerce*, 115 M.S.P.R. 636, ¶¶ 8–10 (2011). Compensatory damages include pecuniary losses, such as those alleged by the appellant. However, the Board may order the payment of compensatory damages only if an appellant alleging discrimination proves his claim. *See Heffernan v. Department of Health & Human Services*, 107 M.S.P.R. 97, ¶ 5 (2007); 5 C.F.R. § 1201.202(c).

¶5        Here, we agree with the administrative judge that the appellant failed to prove his affirmative defense of disability discrimination. To establish a prima facie case of disability discrimination based on disparate treatment, an appellant

---

appellant, and to issue a new initial decision. Remand Order. That new initial decision is referenced herein as the remand initial decision.

must prove that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If an appellant establishes a prima facie case of prohibited employment discrimination, the burden of going forward then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action; and, finally, the employee must show that the agency's stated reason is merely a pretext for prohibited discrimination. *Id.* at 802–04. However, in a case like this, where the record is complete and a hearing has been held, the administrative judge properly proceeded directly to the ultimate question of whether the appellant has demonstrated by a preponderance of the evidence that the agency's reason for its actions was a pretext for discrimination. *Berry v. Department of Commerce*, 105 M.S.P.R. 596, ¶ 10 (2007).

¶6        As the administrative judge found, the appellant established that he is a person with a disabling condition, but he presented no evidence to show that the agency's action was the result of disability discrimination. RID at 15. She found that the proposing and deciding officials credibly testified that they did not know that the appellant had contacted the agency, providing medical documentation and requesting leave for his absences. RID at 16-17. She found further that the proposing official testified credibly that, if he had known of such, he would have considered it before issuing the proposal notice. RID at 17; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). She found that both the proposing and deciding officials issued their decisions based on their belief that the appellant had prolonged absences without properly requesting leave or submitting supporting documentation, not based on the appellant's disabling

condition or that the agency's action was a pretext for disability discrimination. RID at 17. We agree with the administrative judge that the appellant failed to meet his burden to show by preponderant evidence that the agency's action constituted disability discrimination. RID at 16; *see Berry*, 105 M.S.P.R. 596, ¶ 10.[3]

¶7        In his petition, the appellant contends that his claims that the agency violated his rights under the Family and Medical Leave Act of 1993 (FMLA), were not addressed. The record shows that as of October 2009, the appellant did not qualify for leave under the FMLA because he did not have 1,250 work hours as of that date. RID at 6. The appellant does not contest this finding. Further, all of the leave on which the agency based the removal action occurred during and after October 2009. *See* IAF, Tab 5 at 33. The appellant's assertion that the agency violated his rights under the FMLA in this removal action is unavailing and thus it does not provide an additional reason to reverse the removal action. *See Gross v. Department of Justice*, 77 M.S.P.R. 83, 90 (1997) (if an agency bases an adverse action on its interference with an employee's rights under the FMLA, the adverse action is a violation of law and cannot be sustained).

¶8        The appellant contends that his prior 7-day and 14-day suspensions that the agency relied on in its notice of proposed removal were violations of his FMLA rights. The appellant's prior disciplines would have been a consideration in this appeal if the administrative judge reached the issue of whether the penalty was within the bounds of reasonableness. In reviewing whether the agency's penalty was reasonable, the Board reviews whether the agency's reliance on prior discipline was improper. *See Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339–40 (1981) (the Board's review of a prior disciplinary action as a factor in the agency's penalty selection is limited to determining whether that prior discipline is clearly erroneous, if the employee was informed of the action in

---

[3] The appellant has not alleged disability discrimination based upon a claim that the agency failed to reasonably accommodate him.

writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline). We find, because the administrative judge reversed the agency's action, thus not reaching the issue of the reasonableness of the agency's penalty, she correctly did not address whether the agency properly relied on the appellant's prior disciplines in the removal action.

¶9 The appellant contends that the agency has failed to comply with the administrative judge's interim relief order. The issue of the agency's compliance with the interim relief order is now moot because the Board has issued this final order on the merits in the appellant's favor. *See Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 3 n.1 (2012). Subsequent issues concerning compliance with the Board's final order may be raised by the appellant in a petition for enforcement filed with the regional office in accordance with 5 C.F.R. § 1201.181. *Wingate*, 118 M.S.P.R. 566, ¶ 3 n.1.

**ORDER**

¶10 We ORDER the agency to cancel the removal action and restore the appellant. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶11 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶13     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶14     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You

must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States

district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                               _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.



| | |
|---|---|
| | **DFAS CHECKLIST** |
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63)
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.