# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIE E. TATUM, JR., | DOCKET NUMBER |
| Appellant, | DA-0752-10-0569-C-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: September 15, 2015 |
| Agency. | |

Willie E. Tatum, Jr., Dallas, Texas, pro se.

Nadalynn F. Hamilton, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### ORDER[1]

¶1    This matter is before the Board on the agency's petition for review of the compliance initial decision, which found the agency in noncompliance with the Board's final order reversing the appellant's removal from the position of Parcel Post Distribution Clerk.  For the reasons set forth below, we DENY the agency's petition for review and AFFIRM the compliance initial decision, AS MODIFIED

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regarding whether the appellant was ready, willing, and able to work as of May 6, 2014.  We ORDER the agency to restore the appellant to the status quo ante.

## BACKGROUND

¶2      This matter has an involved history, and the essential facts of this appeal are set forth in the compliance initial decision.  As explained in that decision, effective December 18, 2009, the agency removed the appellant from the position of Parcel Post Distribution Clerk, Occupation Code 2315-06XX.  *See* Compliance File (CF), Tab 18, Compliance Initial Decision (CID) at 2.  On November 5, 2010, the administrative judge issued an initial decision reversing the removal and ordering interim relief.  *Id*.  The agency petitioned for review, and on July 27, 2011, the Board issued a final decision dismissing the appeal as untimely.  *Id*.  Thus, the appellant was entitled to interim relief from November 5, 2010, to July 27, 2011.  *See* 5 C.F.R. § 1201.111(c)(1).

¶3      The appellant filed an appeal with the U.S. Court of Appeals for the Federal Circuit, and the court remanded the appeal to the Board, instructing the Board to address additional factors in deciding whether the appellant had shown good cause for his untimely filing.  *See Tatum v. Merit Systems Protection Board*, 482 F. App'x 554, 558 (Fed. Cir. 2012).  The Board found that good cause existed to waive the filing deadline and remanded the appeal to the administrative judge for further proceedings.  MSPB Docket No. DA-0752-10-0569-M-1, Remand Order at 2 (May 31, 2013).  On February 10, 2014, the administrative judge issued an initial decision that again reversed the agency's action and ordered the agency to cancel the removal, retroactively restore the appellant to his position, and pay him back pay with interest and benefits.[2]  MSPB Docket No. DA-0752-

---

[2] In the February 10, 2014 initial decision, the administrative judge ordered interim relief if either party petitioned for review.  Remand Appeal File, Tab 11, Remand Initial Decision at 18.  The appellant petitioned for review of the remand initial decision.  Remand Petition for Review (RPFR) File, Tab 1.  It appears, however, that the agency began the process of effecting final relief while the appellant's petition for review was pending.  The Board issued a nonprecedential decision denying the appellant's petition

10-0569-B-1, Initial Decision (Feb. 10, 2014). The appellant filed a petition for review of the initial decision, but the Board denied the petition, and the initial decision became the Board's final decision. MSPB Docket No. DA-0752-10-0569-B-1, Final Order (Sept. 15, 2014).

¶4 The appellant filed a timely petition for enforcement. CF, Tab 1. The administrative judge found that the agency failed to meet its burden to prove that it had complied with the Board's final order. CID at 5-8. The administrative judge also found that, although during the course of the compliance proceeding the agency had issued the appellant a check for back pay in the amount of $102,866.79, CF, Tab 15 at 10, it had failed to submit satisfactory evidence of compliance with the Board's final decision. This lack of evidence included: (1) an explanation for why the agency excluded pay period 26 of 2009 and pay period 26 of 2010 from its back pay calculation; (2) a recalculation of the back pay period to include the pay periods from March 17, 2014, to January 10, 2015, because prior to January 10, 2015,[3] the agency had offered to return the appellant to a Mail Processing Clerk position, Occupation Code 2315-0063, a different position from the position he held on the date of his removal; (3) evidence that it had calculated and included overtime and interest in the back pay award; (4) a detailed narrative explaining how the appellant's back pay was calculated with an explanation of all codes and abbreviations used; and (5) an explanation of the deductions made for health benefits and evidence to show that those deductions also were not made during the interim relief period. CID at 9-10.

¶5 In its petition for review, the agency contends that the administrative judge erred in finding that the agency failed to return the appellant to his former

---

and ordering final relief on September 15, 2014. MSPB Docket No. DA-0752-10-0569-B-1, Final Order (Sept. 15, 2014); RPFR File, Tab 10.

[3] The appellant had not reported to work as of January 10, 2015, and in its petition for review the agency asserts that the appellant still has not reported to work as of May 8, 2015. Compliance Petition for Review File, Tab 1.

position until January 10, 2015, and thus erred in finding that the agency was in noncompliance by failing to pay him back pay for the period from March 17, 2014, to January 10, 2015. The agency also contends that the administrative judge erred in finding that it failed to properly calculate the overtime pay due the appellant. Compliance Petition for Review File, Tab 1.

## ANALYSIS

The agency failed to show that it was in compliance with the order to restore the appellant to the position he held at the time of his improper removal.

¶6 In proceedings on petition for enforcement of a Board order, the agency bears the burden of proving that it has complied with the final order. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 441 (1996). Mere assertions of compliance are insufficient to meet this showing. *See Edmonds v. U.S. Postal Service*, 68 M.S.P.R. 677, 680 (1995). When the Board reverses an agency removal action, the appellant is to be returned as nearly as possible to the status quo ante. *Mann v. Veterans Administration*, 29 M.S.P.R. 271, 275 (1985); *see Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). To determine if this has been accomplished, the Board must decide, inter alia, whether appellant was reinstated to his former position and, where he has not been reinstated to perform the work of his prior position, the Board must inquire into whether that position still exists at the same grade level and classification and, if so, whether the agency's reasons for not returning him to his prior position constitute a strong overriding interest or compelling reason that suffices to justify its failure to restore him to the full status quo ante. *Mann*, 29 M.S.P.R. at 275.

¶7 Here, in its initial submission in this compliance appeal, the agency provided letters that it had sent the appellant instructing him to report for duty. The letters dated March 31, 2014, and April 11, 2014, were sent to the wrong

address for the appellant.[4] *See* CF, Tab 3, at 10, 11. The letters dated May 6, 2014, May 13, 2014, and August 5, 2014, were sent to the appellant's correct address. *Id*. at 12-14. However, none of the letters provided information about to which position the appellant must report.

¶8 The agency also submitted Postal Service (PS) Form 50s with effective dates of March 26, 2011, and July 27, 2011, showing that the appellant was placed in a Mail Processing Clerk position, with an Occupation Code of 2315-0063. CF, Tab 7 at 8-9. These PS-50s are from the November 5, 2010 to July 27, 2011 interim relief time period. At that time, the agency determined that it would be unduly disruptive to return the appellant to duty. *See* MSPB Docket No. DA-0752-10-0569-I-1, Petition for Review File, Tab 1 at 28. Thus, these PS-50s are not probative evidence that the agency restored the appellant to his former position.

¶9 In addition, the agency submitted a PS-50 with an effective date of January 24, 2015. CF, Tab 15 at 9. This form shows the appellant still in the 2315-0063 Mail Processing Clerk position. Moreover, in a declaration accompanying this PS-50, an agency Labor Relations Specialist indicates that this job was created for the appellant, suggesting that it was not the same position that he held when he was removed. *Id*. at 39-40. The agency's submissions in the compliance proceeding offered no reason why it placed the appellant in the Mail Processing Clerk position rather than in his former Parcel Post Distribution Clerk position.

¶10 Although the Board does not require perfect consistency between all aspects of an appellant's pre-removal and post-removal positions to find compliance, under the circumstances here, the Board cannot be assured that the agency

---

[4] As the administrative judge explained in the compliance initial decision, after his removal, the appellant had financial difficulties and was homeless until he was able to participate in a Department of Veterans Affairs program for homeless veterans. CID at 4-5. Participation in the program required that the appellant move from the site of his employment, Fort Worth, Texas, to Dallas, Texas. *Id*.

reinstated the appellant to his former position, or, if it did not do so, whether it had reasons sufficient to justify its failure to restore him to the position of record when the agency effected his removal. We find, therefore, that the agency's evidence is insufficient to meet its burden to show compliance. *See Edmonds*, 68 M.S.P.R. at 680.

The agency properly instructed the appellant to return to work on May 6, 2014; however, he must be afforded an opportunity to show that the back pay period extended beyond that date.

¶11    While the record does not establish that the agency restored the appellant to his pre-removal position as of January 15, 2015, we find that the administrative judge erred in finding that the appellant was entitled to back pay for the period from May 6, 2014, to January 15, 2015. CID at 7, 9. When the Board finds that an employee has been the victim of an unjustified or unwarranted personnel action, the goal is to place him in the circumstances he would have been in had the personnel action never taken place. *Kerr*, 726 F.2d at 733; *Bartel v. Federal Aviation Administration*, 24 M.S.P.R. 560, 564-65 (1984). Consistent with that goal, the Board's case law provides that an individual is not entitled to back pay for any period of time during which he was not "ready, willing, and able" to perform his duties because of an incapacitating illness or injury, or for reasons unrelated to or not caused by the unjustified or unwarranted personnel action. *Lyle v. Department of the Treasury*, 85 M.S.P.R. 324, ¶ 6 (2000); *Bullock v. Department of the Air Force*, 80 M.S.P.R. 361, ¶ 13 (1998); *see Bartel*, 24 M.S.P.R. at 565. The agency bears the initial burden of proving that it has provided an appellant the appropriate back pay amount. *See Bullock*, 80 M.S.P.R. 361, ¶ 11. Where, however, the agency produces "concrete and positive evidence, as opposed to a mere theoretical argument" that the appellant was not ready, willing, and able to work during all or part of the period during which back pay is claimed, the burden of proof shifts to the appellant to show his entitlement to

back pay.  *See Bullock*, [80 M.S.P.R. 361](), ¶ 11; *Hill v. Department of the Air Force*, [60 M.S.P.R. 498](), 501-02 (1994).

¶12        Here, it appears that the appellant was not ready, willing, and able to report for work because, at some point during the years that it took to resolve his appeal, he had moved from the worksite in Fort Worth, Texas, to a Department of Veterans Affairs program for homeless veterans in Dallas, Texas.  The appellant's distance from the location of his work site was unrelated to the basis for the agency's unjustified removal action.  Thus, he was required to report for duty when the agency notified him that it was complying with the administrative judge's February 10, 2014 order that the agency restore him.  As previously stated, the agency's first two letters notifying the appellant to report for work were sent to the wrong address, and there is no evidence that he ever received them.  The agency's May 6, 2014 letter, however, was sent to the appellant's correct address.  CF, Tab 3 at 12.  The letter notified him that he was to report for duty at his regularly scheduled reporting time upon receipt of the letter.  *Id*.  However, the agency established that the appellant failed to report for work.  We find that the agency's evidence that the appellant failed to report to work constitutes concrete evidence that he was not ready, willing, and able to work as of the date of his first shift after his receipt of the May 6, 2014 letter.  *See Bullock*, [80 M.S.P.R. 361](), ¶¶ 13-16.  Consistent with the shifting burden of proof provided in *Bullock*, we afford the appellant the opportunity to rebut the agency's evidence and to show that he continued to be entitled to back pay after he received the agency's May 6, 2014 notice to report to his regularly scheduled shift.[5]  The appellant must submit his evidence to the Clerk of the Board in response to the agency's evidence of compliance, as set forth more fully below.

---

[5] The administrative judge appeared to credit the appellant's assertion that at the time of his removal he was assigned to work on Tour 2.  CID at 4.  However, the record shows that, when he was removed, the appellant was assigned to work on Tour 1.  CAF, Tab 3 at 33-41.  Moreover, the back pay check includes a night work differential.  CAF, Tab 15 at 11.

<u>The agency failed to show that it included any amount for overtime pay in the back pay check issued to the appellant.</u>

¶13    An agency may calculate the amount of overtime pay due to a wrongfully terminated employee based on the experience of similarly situated employees during the period of wrongful termination or on the appellant's past experience. *Cavanagh v. U.S. Postal Service*, 65 M.S.P.R. 232, 237 (1994); *O'Reilly v. Department of Transportation*, 29 M.S.P.R. 405, 409 (1985). The agency here chose to base its calculations on the appellant's past experience, not on similarly situated employees' experience.  However, the record does not establish how the agency calculated the appellant's past overtime experience.  Further, evidence that was submitted (e.g., the Back Pay Report, Hours Summary), does not show that the appellant was paid any amount due to him as pay for overtime.

<u>The administrative judge properly found the agency not in compliance with the Board's Order.</u>

¶14    As explained above, we find that the agency failed to show that it is in compliance with the Board's Order to restore the appellant to the correct position, failed to use the correct date to end the back pay calculation, and failed to show that it included any amount for overtime pay in the back pay check that it issued to the appellant on January 7, 2015.  Further, we agree with the administrative judge that the agency failed to submit satisfactory evidence of compliance with the Board's final decision, including:  (1) an explanation for why it excluded pay period 26 of 2009 and pay period 26 of 2010 from its back pay calculation; (2) evidence that it calculated and included interest in the back pay award; and (3) an explanation of the deductions made for health benefits and evidence to show that those deductions also were not made during the interim relief period. CID at 9-10.

¶15    Because we have found the agency in noncompliance, the agency is directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition

for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an Office of General Counsel attorney may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision[6] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

**ORDER**

¶16        We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a detailed narrative explaining how the appellant's back pay was calculated with an explanation of all codes and abbreviations used. The agency's submission shall demonstrate that it properly returned the appellant to the status quo ante.

¶17        **The Board will assign a new docket number to this matter, DA-0752-10-0569-X-1**. All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board<br>
U.S. Merit Systems Protection Board<br>
1615 M Street, N.W.<br>
Washington, D.C. 20419

---

[6] The subsequent decision may incorporate the analysis and findings set forth in this Order.

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶18      The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶19      The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(a). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶20      This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of

the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:             _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.