NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**DEONNE R. NEW-HOWARD,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2013-3180

---

Petition for review of the Merit Systems Protection Board in No. PH0752070319-M-1.

---

Decided: November 10, 2014

---

DEONNE R. NEW-HOWARD, of Philadelphia, Pennsylvania, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and KIRK T. MANHARDT, Assistant Director.

---

Before PROST, *Chief Judge,* NEWMAN and LINN, *Circuit Judges.*

PER CURIAM.

Deonne New-Howard appeals from an order of the Merit Systems Protection Board ("Board") upholding her removal upon finding that the agency properly denied her requests for sick leave. *See New-Howard v. Dep't of Veterans Affairs,* PH0752070319-M-1 (M.S.P.B. June 27, 2013) ("*Board Decision*"). Because the Board's decision is supported by substantial evidence and is otherwise in accordance with law, we affirm.

## BACKGROUND

The facts of this case have been comprehensively recited by the Board and the district court that Ms. New-Howard previously appealed to. *See Board Decision* at 2–9*; New-Howard v. Shinseki,* No. 09-5350, 2012 WL 2362546, at *1–5 (E.D. Pa. June 21, 2012). We provide here a simplified overview of those facts, as is sufficient for resolution of this appeal.

Ms. New-Howard was employed at the U.S. Department of Veterans Affairs ("VA"), where she applied for and was denied sick leave several times, including for the following two periods: from October 24, 2005, to December 16, 2005, and from January 17, 2006, to February 27, 2006. Ms. New-Howard did not work during those periods, and having not been approved for sick leave, the VA deemed her absent without leave ("AWOL"). The VA then proposed to remove Ms. New-Howard from employment based on the charges of AWOL and failure to follow leave procedures. On June 30, 2006, the VA sustained the charges and imposed the penalty of removal.

Ms. New-Howard filed an appeal challenging her removal. She alleged, among other things, that the VA discriminated against her and improperly denied her

requests for sick leave. The Board affirmed the VA's removal and Ms. New-Howard appealed to the U.S. District Court for the Eastern District of Pennsylvania.

The district court ruled against Ms. New-Howard, granting summary judgment for the VA on all her claims except sick leave. As to sick leave, the district court remanded the matter to the Board "solely for the limited purpose of making findings regarding the denial of Plaintiff's requests for sick leave." *New-Howard*, 2012 WL 2362546, at *1.

Upon remand, the Board determined that the VA properly denied Ms. New-Howard's request for sick leave and again affirmed her removal. Instead of returning to the district court, Ms. New-Howard appeals to this court.

## DISCUSSION

As an initial matter, the VA asserts that this is a "mixed case" involving allegations of discrimination and that this court consequently does not possess jurisdiction to hear this case. *See, e.g.*, *Kloeckner v. Solis*, 133 S. Ct. 596, 607 (2012) (holding that "mixed cases" should be appealed to the district court and not the Federal Circuit). But Ms. New-Howard has expressly "waived her discrimination claim that the agency's denial of her sick leave was motivated by discrimination." Pet'r's Reply Br. 1. As such, this case is no longer "mixed," and although it may have been more efficient for the district court to hear this appeal, we do possess jurisdiction. *See* 5 U.S.C. § 7703; *Toyama v. Merit Sys. Prot. Bd.*, 481 F.3d 1361, 1365 (Fed. Cir. 2007) ("[P]arties may appeal directly to this court if willing to waive discrimination issues.").

We turn now to the merits of the appeal. Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse the Board's decision if we find the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2)

obtained without procedures required by law; or (3) unsupported by substantial evidence. *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011).

It is undisputed that the VA may grant sick leave only when the request is supported by "administratively acceptable evidence." 5 C.F.R. § 630.405(a). As correctly stated by the Board, "[m]edical documentation which fails to, *inter alia,* inform the employer of an employee's prognosis, dates of incapacitation, restrictions on performance of her duties, and expected return to duty has been deemed to be administratively insufficient to support a request for sick leave." *Board Opinion* at 8 (citing *Young v. U.S. Postal Serv.*, 19 M.S.P.R. 25 (1998); *Tackett v. Dep't of the Air Force,* 76 M.S.P.R. 649, 657–58 (1997); *Goens v. Dep't of the Army*, 40 M.S.P.R. 456, 460 (1989)).

According to Ms. New-Howard, her "brief primarily is an effort to discredit the [Board's] conclusion that she did not submit proper medical documentation." Pet'r's Reply Br. 5. But this effort fails.

As found by the Board, the medical documentation that Ms. New-Howard submitted with her sick leave requests failed to indicate a prognosis, state that she was incapacitated from working, or state when she would be able to return to work. For example, to support her request for the second period, Ms. New-Howard simply provided a short note from her psychologist which stated that Ms. New-Howard "was advised by me not to return to work as she is not able to handle the demands of the work environment." Resp't's App. 152 (Letter from Dr. Melvin Rogers, dated 1/17/06). The Board properly concluded that such documentation was not administratively acceptable.

Ms. New-Howard also appears to argue that the VA is lying when it states that it did not receive any additional documentation from her. But Ms. New-Howard presents insufficient evidence to support this allegation.

We have considered Ms. New-Howard's remaining arguments and find them unpersuasive. Indeed, much of Ms. New-Howard's informal briefing appears to address issues or claims that do not concern the sole issue properly on appeal: whether the VA properly declined her sick leave requests. We thus do not address those arguments.

In sum, substantial evidence supports the Board's conclusion that Ms. New-Howard was properly denied sick leave. And Ms. New-Howard has failed to point to any part of the decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 7703(c).

CONCLUSION

For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

Each party shall bear its own costs.