# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE ROMINE,

Appellant,

v.

DEPARTMENT OF THE ARMY,

Agency.

DOCKET NUMBER
PH-0752-18-0248-I-2

DATE: May 28, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michelle Romine</u>, Huntington, West Virginia, pro se.

<u>Rayetta Wilcoxon Waldo</u>, Esquire, Huntington, West Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to (1) apply the correct analytical framework to the appellant's affirmative defense of disparate treatment disability discrimination and find that she established that she has a disability, and (2) consider the appellant's length of service and medical conditions as mitigating factors in the penalty determination, we AFFIRM the initial decision.

## BACKGROUND

In October 2016, the appellant transferred to the agency as a GS-07 Contract Specialist. *Romine v. Department of the Army*, MSPB Docket No. PH-0752-17-0373-I-1, Initial Appeal File (0373 IAF), Tab 6 at 55.[2] One month later, after acquiring the flu and developing bronchitis, she began using sick leave[3] and annual leave, as well as leave without pay (LWOP). *Id*. at 27-33, 41, 44-45, 48-49. The appellant also invoked the Family and Medical Leave Act (FMLA), and exhausted her FMLA-protected leave on February 16, 2017. *Id*. at 41. She was informed that she would be documented as absent without leave (AWOL) for absences after that date. *Id*.

---

[2] The Board may take official notice of matters that can be verified, including documents or actions in other Board appeals. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 5 n.4 (2010); *see* 5 C.F.R. § 1201.64.

[3] By her own admission, the appellant transferred to the agency with a negative sick leave balance of well over 100 hours. *Romine v. Department of the Army*, MSPB Docket No. PH-0752-18-0248-I-2, Appeal File, Tab 18, Hearing Compact Disc at 3:27:50 (testimony of the appellant).

After requesting a reasonable accommodation, the appellant submitted a letter from an advanced practice registered nurse who indicated that the appellant would need to absent herself from work for at least 12 months due to psychiatric issues, and a letter from a psychologist who indicated that the appellant could continue working so long as her work schedule could accommodate her approximately 3 hours of therapy per week. 0373 IAF, Tab 16 at 14, 18-19, 43. On June 19, 2017, the agency informed the appellant that she needed to submit additional medical documentation to clarify the inconsistent recommendations. *Id*. at 14.

On June 30, 2017, the agency removed the appellant based on her physical inability to perform the duties of her position. 0373 IAF, Tab 6 at 13-14. One week later, the agency received a letter from the appellant's psychologist stating that the appellant could continue to work so long as certain accommodations were made. 0373 IAF, Tab 16 at 12-13. On July 11, 2017, the agency denied her request for reasonable accommodation because she had already been removed. *Id*. at 8.

The appellant appealed her removal to the Board, asserting that the agency failed to provide her with a reasonable accommodation. 0373 IAF, Tab 1. The agency thereafter canceled her removal and returned her to her position effective October 10, 2017. 0373 IAF, Tab 11 at 6. On January 18, 2018, the agency and the appellant entered into a settlement agreement requiring, inter alia, the appellant to withdraw her Board appeal and the agency to provide her back pay for the period from August 6, 2017, through September 30, 2017. 0373 IAF, Tab 21 at 4-5. On January 19, 2018, the administrative judge found that the parties understood and freely accepted the terms of the agreement, that the parties wanted the agreement entered into the record so that the Board would retain

jurisdiction to enforce its terms, and that the agreement was lawful. 0373 IAF, Tab 23. He therefore dismissed the appeal a settled.[4] *Id*.

Also on January 19, 2018, the agency proposed the appellant's removal based on 112 specifications of AWOL and 34 specifications of failure to follow leave-requesting procedures. *Romine v. Department of the Army*, MSPB Docket No. PH-0752-18-0248-I-1, Initial Appeal File (IAF), Tab 4 at 29-50. The appellant was charged with AWOL for the period between February 17, 2017, and June 29, 2017, as well as for the period between October 19, 2017, and November 15, 2017. *Id*. at 30-42. She was also charged with failure to follow leave-requesting procedures for the period between November 16, 2017, and January 5, 2018. *Id*. at 42-46.

The agency removed the appellant based on these charges effective March 2, 2018. *Id*. at 8, 11-14. The appellant then filed this appeal, asserting that she was removed because of her disability and in retaliation for her whistleblowing and prior Board appeal. IAF, Tab 1 at 5. After holding the appellant's requested hearing, the administrative judge[5] found that the agency proved all of its specifications under both charges. *Romine v. Department of the Army*, MSPB Docket No. PH-0752-187-0248-I-2, Appeal File (I-2 AF), Tab 19, Initial Decision (ID) at 3-6. He also found that the appellant failed to establish her affirmative defenses of retaliation for filing a prior Board appeal, disability discrimination, and whistleblower reprisal. ID at 6-14. The administrative judge

---

[4] The appellant thereafter filed a petition for enforcement, which the administrative judge granted after finding that the agency materially breached the settlement agreement by failing to provide the appellant with the full amount of back pay she was due. *Romine v. Department of the Army*, MSPB Docket No. PH-0752-17-0373-C-1, Initial Decision (Mar. 8, 2019). That finding of noncompliance was referred to the Board's Office of General Counsel to obtain compliance. The Board found the agency in compliance and therefore dismissed the petition for enforcement. *Romine v. Department of the Army*, MSPB Docket No. PH-0752-17-0373-X-1, Final Order (May 17, 2023)

[5] The administrative judge in the instant appeal was not the administrative judge in the appellant's 2017 appeal.

further found that the agency established nexus and the reasonableness of the penalty, and he therefore upheld the appellant's removal. ID at 14-16.

The appellant has filed a petition for review, arguing that the agency improperly disciplined her for her absences that occurred before her prior removal, which was rescinded. Petition for Review (PFR) File, Tab 2. She also alleges that she was medically incapacitated for the period between October 19, 2017, and November 15, 2017, and asserts that the agency ordered her back to work without a reasonable accommodation. *Id*. The agency has filed a response to the petition for review. PFR File, Tab 4.[6]

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency proved its AWOL charge.

*The agency is not precluded as a result of the first removal action from charging the appellant with AWOL for the period prior to June 30, 2017.*

Before considering whether the agency proved its charge of AWOL, we first address the appellant's argument that the agency is precluded from disciplining her for the 93 specifications of AWOL pertaining to the time period before her first removal—on June 30, 2017. IAF, Tab 10 at 4; PFR File, Tab 1 at 4. For the reasons discussed below, we find the appellant's argument without merit.

When an agency imposes an adverse action based on an employee's misconduct, it is barred from subsequently taking another adverse action for the same reason. *Adamek v. U.S. Postal Service*, 13 M.S.P.R. 224, 226 (1982). However, if successive disciplinary actions have different bases, although they may be related, they are not barred by the prohibition against double punishment. *See Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 13, (2009) (upholding the agency's charge of insubordination based on the appellant's refusal to obey an

---

[6] After the record closed on review, a number of corrections were made regarding the placement of particular pleadings filed below under particular tab numbers. We cite to the record as it exists at the time of the issuance of this final decision.

order on five dates, despite the fact that he had already been reprimanded for a similar refusal on another date in between those five dates), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010).

Here, the first removal action was based on the appellant's medical inability to perform the duties of her position and was non-disciplinary in nature. 0373 IAF, Tab 6 at 13-14, 16-18. As the first proposal notice stated, the appellant told the agency in May 2017 that she would be unable to return to work until "at least May 2018." *Id*. at 18. Although the appellant's absences between November 2016 and May 2017 and the fact that she was being carried in AWOL status were noted in the proposal notice, these were not the bases of her removal. *Id*. at 16-18.

The second removal action, by contrast, was based on the appellant's AWOL and failure to follow leave-requesting procedures. IAF, Tab 4 at 11. In the second removal action, the agency did not charge the appellant with being medically unable to perform the duties of her position. *Id*. at 11-14, 29-50. Accordingly, we find that the agency is not barred, by virtue of its prior removal action, from bringing the instant removal action that is based, in part, on the appellant's AWOL prior to the June 30, 2017 first removal action. *See Bowen*, 112 M.S.P.R. 607, ¶ 13.

> *The agency is not precluded by the settlement agreement resolving the appellant's first appeal from charging the appellant with AWOL.*

Regarding whether the settlement agreement in the appellant's first appeal precludes the agency from charging the appellant with AWOL, we find that it does not.[7] The Board has found that when an agency settled two employees' appeals of their discipline for "threatening behavior" during a meeting, and the

---

[7] The appellant also asserts that she never would have entered into a settlement agreement if she knew the agency was going to take steps to remove her "the very next day." PFR File, Tab 2 at 5. The appropriate method for challenging the validity of a settlement agreement is to file a petition for review of the decision dismissing the appeal as settled. *Lange v. Department of the Interior*, 98 M.S.P.R. 146, ¶ 3 (2005). The appellant has not filed such a petition for review.

settlement agreement provided that it "resolved the issues raised in these appeals," the agency was precluded from disciplining them again for their "disrespectful and abusive conduct" during that same meeting. *Davis v. Department of Veterans Affairs*, 69 M.S.P.R. 627, 629-30 (1996). In construing the terms of a settlement agreement, the words of the agreement itself are of paramount importance to determine the intent of the parties at the time they contracted. *Id*. at 630. The Board will not imply a term into an agreement that is unambiguous, and will not hear a party's objections about matters that were not included in a settlement agreement. *Id*.

Here, the agency and the appellant entered into an "agreement in full settlement of [the prior 2017] appeal." 0373 IAF, Tab 21 at 4. The agreement was otherwise silent as to whether it resolved "the issues" raised in the appeal. *Id*. at 4-5. The agreement did not explicitly prohibit, for instance, the agency from taking a new adverse action against the appellant for her absences prior to her first removal. *Id*. Accordingly, we will not imply such a term into the agreement, and we instead find that the settlement agreement does not preclude the agency's AWOL charge in this case. *See Davis*, 69 M.S.P.R. at 630.

> *The agency proved 93 specifications of AWOL for the dates prior to June 30, 2017.*

Having determined that the agency is not precluded from bringing its AWOL charge, we now consider whether the agency has proven the charge. To prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. If an employee has sufficient sick leave to cover the period in question, the agency must grant a leave request when the employee has provided administratively acceptable evidence of incapacitation due to illness or injury, regardless of whether the employee has complied with applicable leave

procedures. *Patterson v. Department of the Air Force*, 74 M.S.P.R. 648, 652 (1997). When an employee has exhausted all leave, an agency may deny LWOP and place the employee on AWOL when there is no foreseeable end to the employee's absence and the absence is a burden to the agency. *Id*.

The agency's time and attendance records reflect that the appellant was carried in AWOL status on each of the 112 dates she was charged with being AWOL. IAF, Tab 4 at 30-42, 54-57. Importantly, the administrative judge found it to be undisputed that the appellant had no annual or sick leave balances during the periods she was listed as AWOL and had also exhausted all of her FMLA-protected leave. ID at 3. The appellant has not challenged these findings on review. PFR File, Tab 2. Nor has the appellant challenged the administrative judge's finding that she admitted to being absent on the dates she was charged with AWOL and that the proposing official testified that the appellant was not authorized to be absent on those dates and/or did not have any leave balances to use for those absences. ID at 4.

In this appeal, the appellant has not asserted, regarding any of the dates specified in the first 93 specifications of AWOL (pertaining to her absences between February 17, 2017, and June 29, 2017), that her absences were due to medical incapacitation. IAF, Tab 10 at 4; PFR File, Tab 1 at 4. She has therefore not shown that she was entitled to LWOP or any other form of leave for her absences on these dates. *See Patterson*, 74 M.S.P.R. at 652. We therefore sustain the first 93 specifications under the agency's charge of AWOL and sustain the charge of AWOL.

We need not decide whether the agency proved specifications 94 through 112 of AWOL or its charge of failure to follow leave-requesting procedures.

Specifications 94 through 112 of the agency's AWOL charge pertain to the appellant's absences between October 19, 2017, and November 15, 2017. IAF, Tab 4 at 40-42. All of the specifications under the charge of failure to follow leave-requesting procedures pertain to the appellant's absences between

November 16, 2017, and January 5, 2018. *Id*. at 42-46. The appellant argued that she was "medically incapacitated from October 19, 2017 to January 14, 2018." IAF, Tab 10 at 4.

As indicated above, under certain circumstances an agency may be required to grant an employee LWOP or other leave for her absences, rather than charge her with AWOL, when she is medically incapacitated. *See Patterson*, 74 M.S.P.R. at 652. Similarly, when an employee is unable to follow leave-requesting procedures because of restrictions arising from an illness or injury, an agency may not discipline her for the failure to follow leave-requesting procedures. *Cf. Allen v. Department of the Army*, 76 M.S.P.R. 564, 569 (1997) (finding that an agency may not charge an appellant with insubordination for refusing an order when the record shows that the appellant was unable to carry out the order due to restrictions arising from illness or injury). Medical documentation demonstrating incapacitation may be deemed administratively sufficient to require the granting of leave when it provides details regarding the employee's diagnosis, prognosis, dates of incapacitation, restrictions from duty, and expected return to duty. *See New-Howard v. Department of Veterans Affairs*, 590 F. App'x 972, 974 (Fed. Cir. 2014);[8] *Young v. U.S. Postal Service*, 79 M.S.P.R. 25, 32-35 (1998).

Here, most significantly, the appellant's evidence of medical incapacitation includes a letter from an advanced practice registered nurse, dated January 24, 2018, and an FMLA certification form dated May 17, 2018, signed by a physician. IAF, Tab 10 at 77-78, 87-90. Although these documents do not present a precise diagnosis, they indicate that the appellant was ill between approximately October 19, 2017, and January 14, 2018, was hospitalized from November 6 to November 9, 2017, and suffered from, inter alia, the following symptoms: confusion, anxiety, dizziness, memory loss, and hallucinations. *Id*.

---

[8] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

at 77-78, 88. The nurse's letter stated that the appellant "was in absolutely no condition to work, communicate with anyone or even function in society for that matter," *id*. at 78, while the physician indicated that the appellant was medically incapacitated beginning on October 19, 2017, *id*. at 88.

The appellant's medical evidence seems to meet some, though not all, of the requirements to be deemed administratively sufficient such as to require the granting of leave. *See New-Howard*, 590 F. App'x at 974; *Young*, 79 M.S.P.R. at 32-35. We need not resolve this issue, and whether the agency proved the remaining specifications of AWOL and the charge of failure to follow leave-requesting procedures, because, as discussed below, we find that the appellant's removal is within the bounds of reasonableness based on the sustained 93 specifications of the AWOL charge. *See Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 10 (2005) (finding that the Board need not reach the merits of some charges and specifications when other proven charges and specifications are sufficient to warrant the appellant's removal).

The appellant failed to establish her affirmative defense of disability discrimination.

Before the administrative judge, the appellant raised affirmative defenses of disability discrimination, reprisal for filing a prior Board appeal, and reprisal for whistleblowing. I-2 AF, Tab 15 at 2. On review, the appellant alleges that the agency discriminated against her because of her disability and asserts that after the agency cancelled the first removal she was ordered back to work without a reasonable accommodation. PFR File, Tab 2 at 4-5. She does not otherwise challenge the administrative judge's conclusion that she failed to establish her affirmative defenses. *Id*.

It is unlawful for an agency to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A qualified individual is a person who "satisfies the requisite skill, experience, education and other job-related requirements of the employment position the individual holds or

desires and, with or without reasonable accommodation, can perform the essential functions of such position." *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014) (citing 29 C.F.R. § 1630.2(m)).

A disability is defined, in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities." *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 7 (2014) (quoting 42 U.S.C. § 12102(1)). Having a record of such an impairment, or being regarded as having such an impairment, is also included within the definition of a disability. 42 U.S.C. § 12102(1). Major depressive disorder should easily be found to substantially limit a major life activity, and therefore be found to constitute a disability. *See McNab*, 121 M.S.P.R. 661, ¶¶ 7-8; 29 C.F.R. § 1630.2(j)(3)(iii).

Here, the administrative judge found that the appellant failed to prove that she has a disability. ID at 11-12. On review, the appellant asserts that proof of her mental health disability is included in her prior Board appeal. PFR File, Tab 2 at 4. The record in the appellant's prior appeal indeed includes, inter alia, a letter from her psychologist dated May 17, 2017, noting that she was currently diagnosed with major depressive disorder and personality disorder.[9] 0373 IAF, Tab 8 at 7. Based on the appellant's diagnosis of major depressive disorder, we find that she established that she has a disability. *See McNab*, 121 M.S.P.R. 661, ¶¶ 7-8; 29 C.F.R. § 1630.2(j)(3)(iii).

The administrative judge in this appeal found that "[t]he appellant presented no direct evidence of discriminatory animus, nor evidence of similarly situated non-disabled employees who were treated more favorably, that the agency lied about its reason for taking the removal action, that the agency's

---

[9] If the appellant wanted the administrative judge in the instant appeal to consider this document, she should have submitted it into the record of this appeal, or at least informed him about the existence of this document from her prior appeal that she wished for him to consider. We nevertheless exercise our discretion to consider it. *See Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 9 (2012) (finding that the Board and its administrative judges routinely incorporate the record from one matter filed by an appellant into the record in a second matter filed by the same appellant).

explanation was inconsistent, that the agency failed to follow its established procedures, that the agency generally treats disabled employees less favorably, or of any incriminating statements." ID at 13. He therefore concluded that she failed to establish that any disability she had was a motivating factor in her removal. *Id*. On review, the appellant does not challenge these findings, PFR File, Tab 2. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

The law also requires an agency to provide reasonable accommodation to a qualified individual with an actual disability or a record of a disability. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 34 (2014). In order to establish a disability-based failure to accommodate claim, an appellant must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g)(1)(i)-(ii); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.2(*o*)(4).

Nevertheless, an agency is not required to provide an accommodation that would cause an undue hardship on its business operations. *Miller*, 121 M.S.P.R. 189, ¶ 13 (citing 29 C.F.R. § 1630.9(a)). Additionally, an appellant cannot establish her claim without showing that she actually requested an accommodation that would have allowed her to meet the requirements of her position. *Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 7 (2009). Moreover, an agency's obligation to provide a reasonable accommodation arises only after an employee has established her status as a qualified employee with a disability, at which point the agency is entitled to a reasonable period of time in which to conduct its assessments and arrive at a conclusion regarding the request

for accommodation. *See McConnell v. Department of the Army*, 61 M.S.P.R. 163, 169-70 (1994).

On review, the appellant does not specify what reasonable accommodation the agency failed to provide her with, but simply alleges that the agency ordered her back to work without a reasonable accommodation.[10] PFR File, Tab 2 at 5. As previously noted, after cancelling the prior removal, the agency returned the appellant to her position effective October 10, 2017. 0373 IAF, Tab 11 at 6. By letter dated November 2, 2017, the agency informed the appellant that it agreed to provide her with noise-cancelling headphones and the ability to use a flexible work schedule and personal leave, including LWOP, to attend therapy sessions. I-2 AF, Tab 8 at 10. The letter indicated that these were the specific accommodations the appellant requested during a meeting on October 18, 2017. *Id*. On January 19, 2018, the appellant confirmed that she was not requesting any additional accommodations. *Id*. at 14.

To the extent that the appellant argues that the agency failed to reasonably accommodate her by not granting her these accommodations sooner, we find that she has failed to show that the agency unreasonably delayed in evaluating and ultimately granting her request for accommodations. *See McConnell*, 61 M.S.P.R. at 167-70. Accordingly, we find that the appellant failed to establish her affirmative defense that the agency failed to reasonably accommodate her.

The agency established nexus and the reasonableness of the penalty.

As the administrative judge found, it is well settled that unauthorized absence from duty is inherently connected to the efficiency of the service. ID at 15; *Davis v. Veterans Administration*, 792 F.2d 1111, 1112-13 (Fed. Cir. 1986).

---

[10] Below, the appellant noted that she was requesting a reasonable accommodation prior to her first removal. I-2 AF, Tab 3 at 4. Because the appellant does not argue on review that the agency improperly denied her a reasonable accommodation prior to her first removal, as she argued in her prior appeal, we decline to consider that issue. *See Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008) (finding that the Board generally does not consider issues that are not raised on review), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010).

We therefore find that the agency established a nexus between its charge of AWOL and the efficiency of the service.

When the Board does not sustain all of the agency's charges, it will carefully consider whether the sustained charges merit the agency's imposed penalty. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 17 (2014). In such a case, the Board may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999); *Boo*, 122 M.S.P.R. 100, ¶ 17. Here, the deciding official has not given such an indication, and has instead only indicated that the penalty of removal would be reasonable for the two charges even if there had been fewer specifications under each charge. IAF, Tab 4 at 11. Accordingly, the Board must apply the relevant *Douglas* factors to determine the maximum reasonable penalty for the appellant's sustained misconduct.[11] *See Boo*, 122 M.S.P.R. 100, ¶ 17.

The most important of the *Douglas* factors is the nature and seriousness of the offense. *Id.*, ¶ 18. Among the considerations included in this factor is the relationship of the offense to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Id.*

The appellant's supervisor indicated, in the proposal notice, that the appellant's AWOL required the agency to redistribute her work to other employees and that her excessive absences resulted in her not completing required training. IAF, Tab 4 at 46. In addition to adopting the *Douglas* factors analysis set forth in the proposal notice, the deciding official emphasized that—in conjunction with the fact that the appellant was a new employee to the agency— the appellant's absences made her unable to receive the systems access required to perform her duties. *Id.* at 12. It is apparent that the appellant's AWOL, which

---

[11] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

was continuous over an approximately 4-month period, prevented her from performing in her position. Accordingly, we find that the appellant's AWOL was a serious offense. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 12 (2015) (noting that the Board has recognized that being AWOL is a serious offense that warrants a severe penalty).

Notably, the appellant was advised in a letter sent on February 23, 2017, that her continued absences would be documented as AWOL and could be used as a basis to take disciplinary action, up to and including removal. IAF, Tab 4 at 99. In an email to the appellant, an agency official stated that evidence revealed that the appellant received this letter on February 24, 2017. IAF, Tab 4 at 95. Eighty-eight of the sustained incidents of AWOL occurred thereafter. *Id*. at 30-40. The appellant's continued AWOL after receiving a letter warning her about such misconduct is an aggravating factor. *See Tyler v. Department of the Army*, 38 M.S.P.R. 85, 88-89 (1988) (finding that the appellant's prior counseling sessions and warnings for engaging in specific misconduct could properly have been used as a basis for imposing an enhanced penalty for similar future misconduct).

The agency's table of penalties provides that removal may be appropriate for a first offense of AWOL if the absence is prolonged. IAF, Tab 4 at 102. We find that the appellant's 4-month absence was a prolonged absence, and that the imposed penalty was therefore consistent with the table of penalties. *See Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 18 (2004) (sustaining an agency's penalty determination when, among other things, it was consistent with the agency's table of penalties), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005).

The appellant's past work record was considered to be an aggravating factor, apparently in part because she should have been very knowledgeable about working for the Federal government after approximately 11 years of Federal service. IAF, Tab 4 at 47. To the extent that the deciding official adopted this contention and thereby considered the appellant's 11 years of Federal service as

an aggravating factor, we note that longer terms of Federal service are properly considered as more mitigating than shorter terms. *See Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶ 19 (2002). Accordingly, we consider the appellant's 11 years of Federal service as a mitigating factor. *See id*.

Evidence that an employee's medical condition or mental impairment played a part in the charged conduct is ordinarily entitled to considerable weight as a mitigating factor. *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 7 n.5 (2010). Additionally, the Board has found that an appellant's seeking treatment for her medical problems indicates a potential for rehabilitation. *Vitanza v. U.S. Postal Service*, 89 M.S.P.R. 319, ¶ 6 (2001). Here, the appellant's psychologist stated in a letter dated May 17, 2017, that she had been treating the appellant's depression and personality disorder since February 17, 2017, and she indicated that the appellant's symptoms had been worsening. 0373 IAF, Tab 8 at 7. Although the appellant has not argued during the course of this appeal that her medical condition played a part in her AWOL between February 17, 2017, and June 29, 2017, we nevertheless consider her medical conditions—and her decision to seek treatment for them—to be mitigating factors deserving of considerable weight. *See Thom*, 114 M.S.P.R. 169, ¶ 7; *Vitanza*, 89 M.S.P.R. 319, ¶ 6.

Despite such considerable mitigating factors, we recognize that "[a]n essential element of employment is to be on the job when one is expected to be there." *Davis*, 792 F.2d at 1113. The Board has found removal to be a reasonable penalty for significantly shorter periods of AWOL than the approximately 4-month period of AWOL at issue here. *See, e.g.*, *Thom*, 114 M.S.P.R. 169, ¶¶ 2, 7 (upholding the appellant's removal for 1 month of AWOL, despite considering his medical conditions as a mitigating factor); *Jones v. U.S. Postal Service*, 110 M.S.P.R. 674, ¶¶ 2, 8 (2009) (upholding the appellant's removal for 11 instances of unscheduled absences over a 3-month period when the appellant had been warned that such conduct would result in

discipline); *Maddux v. Department of the Air Force*, 68 M.S.P.R. 644, 645-46 (1995) (upholding the appellant's removal for 21 consecutive calendar days of AWOL, despite 20 years of Federal service); *Young v. U.S. Postal Service*, 14 M.S.P.R. 549, 551 (1983) (upholding the appellant's removal for 40.75 hours of AWOL over an approximately 6-week period, despite 17 years of Federal service and satisfactory performance, when he was placed on AWOL after exhausting all his leave and his absences resulted in increased costs to the agency for the payment of overtime to other employees and employee shortages in other departments). Under the circumstances of this case, even considering such mitigating factors as the appellant's 11 years of Federal service and her medical conditions, we find that it is within the bounds of reasonableness to remove her based on the sustained 93 days of AWOL. We therefore affirm the appellant's removal.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.